KASOLD, Chief Judge,
concurring in part and dissenting in part:
I fully agree that remand is warranted so that the Secretary can seek verification of Mr. Tagupa’s service from the Department of the Army, as required by his regulation. I note, however, that I find the MOA clear in that the NPRC provides a reference service only; it may certify service department determinations in the record, but it lacks the authority to issue a service department determination that is not otherwise contained in the records it maintains. I also agree that the Board provided an inadequate statement of reasons or bases regarding whether Mr. Ta-gupa served in an unrecognized guerrilla unit during World War II.
I do not, however, agree with the majority’s determination that the Board provided no reasons for rejecting the documents submitted by Mrs. Tagupa for purposes of verifying service under 38 C.F.R. § 3.203(a). To the contrary, the Board addressed the documents Mrs. Tagupa submitted as support that her husband served with the U.S. military and found that none of the documents were official service department documents that meet the requirements of 38 C.F.R. § 3.203(a). Based on the record of proceedings, the Board’s finding is plausible and not clearly erroneous. See Gilbert v. Derwinski, 1 Vet.App. 49, 52 (1990) (“‘A finding is “clearly erroneous” when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.’” (quoting United *105 States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948))); see also 38 C.F.R. § 3.203(a) (to establish qualifying service, documents must (1) be issued by a service department, (2) contain specified information, and (3) in VA’s opinion be genuine). More’over, the Board’s reasons or bases for finding the documents inadequate to verify service are understandable and facilitative of judicial review. See Allday v. Brown, 7 Vet.App. 517, 527 (1995) (Board’s statement “must be adequate to enable a claimant to understand the precise basis for the Board’s decision, as well as to facilitate review in this Court”).